## CIRCUIT COURT OF THE CITY OF RICHMOND

F. T. Evans, Inc.

v.

Science Museum
of Virginia

March 11, 2003

Case No. LP-55-4

BY JUDGE RANDALL G. JOHNSON

This is a breach of contract action brought by F. T. Evans, Inc., a construction contractor, against the Science Museum of Virginia. It is before the court on the Museum's special plea. At issue is whether Evans gave notice of its intent to file a claim as required by statute.

According to the amended motion for judgment, Evans and the Museum entered into a written contract in April 2000 under which Evans was to serve as general contractor on a project to make a number of improvements to the Museum's property at 2500 West Broad Street in Richmond. The total price of the contract was $1,526,941. After the contract was entered into, the Museum sought and received from Naturescape, d/b/a Castart ("Castart"), a proposal for Castart to provide certain signage for the property. The Museum issued a change order to its contract with Evans to incorporate the Castart proposal plus the installation of, and landscaping for, the signage. The amount of the change order was $109,878, of which $64,683 was for "precast sign base material" to be provided by Castart. Evans issued a purchase order to Castart in the amount of $64,683.19.

Castart delivered the signage in March 2001. One sign was delivered. The Museum claimed that the proposal received from Castart, and the change order it issued to Evans, called for two signs. Castart claimed that the proposal and purchase order called for one sign and refused to deliver another sign. The Museum subsequently withheld from Evans a portion of the contract price

318

because of the delivery of only one sign. According to the amended motion for judgment, the amount withheld was $50,000, although from evidence submitted at the hearing on the Museum's plea, it appears that only $31,000 was withheld.

On November 1, 2001, Evans filed suit against Castart to recover the amount of its contract with the Museum that the Museum had refused to pay. Again, Evans claimed that amount to be $50,000. Castart denied that it owed Evans any money and filed a counterclaim for $6,203.45, claiming that Evans had failed to pay Castart that amount under the purchase order. On January 7, 2002, Evans filed the present action seeking $50,000 from the Museum.

The Science Museum of Virginia is an educational institution of the Commonwealth established and declared to be a public body by Va. Code § 23-239. As such, its contract with Evans falls within the purview of the Virginia Public Procurement Act, Va. Code § 2.2-4300 *et seq*. Section 2.2-4363(A) provides, in pertinent part:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment. However, written notice of the contractor's intention to file a claim shall be given at the time of the occurrence or beginning of the work upon which the claim is based.

It is the Museum's position that the present action must be dismissed because Evans never gave written notice of its intent to file a claim. Evans says that such notice was given.

In its amended motion for judgment, Evans states that it gave timely notice of its claim to the Museum by letter dated March 26, 2001. That letter was written by F. T. Evans, Evans' president, to William J. DiFilippo, the Museum's capital outlay director. The letter summarizes the dispute between the Museum and Castart about whether one or two signs were ordered and concludes by stating:

> The responsibility for this mistake must lie on the shoulders of the person who negotiated with Castart. F. T. Evans, Inc., from an ethical and professional stance, cannot be used to force a party to produce something that they had no part of the negotiations for, nor will F. T. Evans, Inc., participate in any way for additional compensation to produce a second sign.
>
> I believe that F. T. Evans, Inc.'s position is clear in keeping with the general conversation that you and I had on

Thursday, March 22, 2001, and the conclusions that we reached at that time.

The above statements do not give notice of an intent by Evans to file a claim. *Telling the Museum that "[t]he responsibility for this mistake must lie on the shoulders of the person who negotiated with Castart" and that Evans* will not "participate in any way for additional compensation to produce a second sign" does not tell the Museum that Evans intends to file a claim against it. Still, the court will overrule the Museum's plea.

In *Flory Small Business Dev. Ctr. v. Commonwealth*, 261 Va. 230, 541 S.E.2d 915 (2001), the Supreme Court of Virginia said:

> The General Assembly has imposed certain procedures and limitations on the processing and enforcement of contract claims which are subject to the Procurement Act. These are mandatory, procedural requirements which must be met in order for a court to reach the merits of a case.

261 Va. at 238.

The Court recognized, however, that "the timing and form of an alleged notice of intent pursuant to [Va. Code § 2.2-4363(A)] requires an examination of the circumstances of each case." *Id.* The Court said:

> [T]he statute does not specifically require that the notice of intent be separate and distinct from the claim itself in time or in form. By identifying more than one event that triggers the filing of an intent to file a claim, the statute acknowledges that not all claims will arise under the same circumstances. For example, a dispute over payment under the contract may not arise until the work is completed, preventing a contractor from giving notice of an intent to file a claim for such payment at the "beginning of the work upon which the claim is based."

*Id.*

That is precisely what happened here. Evans' claim is for payment due under its contract with the Museum. Although a dispute arose between the Museum and Castart on March 22, 2001, when Castart delivered only one sign, that dispute was not an "occurrence" which triggered the notice requirement under § 2.2-4363(A). Evans is not making a claim because of the

"occurrence" of only one sign being delivered by Castart. Evans is making a claim because it was not paid in full under its contract with the Museum.

Similarly, there can be no requirement for Evans to have given notice of an intent to file a claim at the "beginning of the work upon which the claim is based." The work upon which Evans' claim is based is its contract with the Museum, not Castart's delivery of only one sign. To require Evans to have given notice of an intent to file a claim at the beginning of its contract with the Museum would be to require every contractor who does work under the Virginia Procurement Act to give such a notice at the beginning of every contract, even though no dispute exists at that time. Obviously, that is not the law. Instead, as stated in *Flory*, "the statute does not specifically require that the notice of intent be separate and distinct from the claim itself in time or in form." In cases such as this, where the contractor's claim is simply for payment under its contract, requiring the contractor to give notice of an intent to submit a claim before the contractor knows that payment under the contract will not be made makes no sense. In such cases, the notice of intent to file a claim is the claim itself. That is the situation here. The Museum's plea will be overruled.